MING, appellant, v. WOOLFOLK, respondent.

CONSTRUCTION OF CONTRACT — *statements of signer—resources of water ditch.* A. signed and delivered to B. and C., September 16, 1874, an instrument, by which he agreed to pay two promissory notes made by A. B. and C. to D., as soon as he collected for the Park Ditch Company a certain promissory note, a claim and "other demands due it," or received "from any sources whatever of the Park Ditch Company" "any other sums." A. claimed that he had not collected or received any sums on account of the Park Ditch Company, and B. and C. paid two-thirds of the amount due upon the notes to D., and brought this action to recover what had been so paid. Upon the trial the in- strument was read in evidence, and B. and C. offered to prove that A. in 1875, received $3,000 from the sale of the water of the Park Ditch Com- pany, and that A. said to B. and C., when he delivered the instrument, that "from any resources whatever" included receipts from the sale of said water. The court excluded the testimony, and B. and C. were nonsuited. *Held,* that, according to the terms of the instrument, the sale of the water in 1875 was included in the resources of the Park Ditch Company, and that the evidence should have been admitted. *Held, also,* that the recitals of the instrument may be referred to for the purpose of ascertaining the situation of the parties thereto.

*Appeal from Third District, Lewis and Clarke County.*

THE action was tried before WADE, C. J., with a jury.

SANDERS & CULLEN and CHUMASERO & CHADWICK, for appel- lants.

The recitals in the contract on which this action is brought are non-contractual and do not control the contractual part. It is signed by respondent alone, and he cannot derive any benefit from his statements in the immaterial recitals. 1 Greenl. Ev., §§ 26, 285–287; 2 Pars. on Cont. (4th ed.) 13–19, 66, 67; 2 Whart. Ev., §§ 937–940, 1039, 1040, 1085.

The evidence offered by appellants was competent. Respond- ent was estopped from denying that the Park Ditch Company had pledged the water receipts of 1875, and was responsible to the appellants for such receipts in like manner, as if they had been pledged for the payment of the money procured and paid by appellants. Chit. on Cont. *84; Bigelow on Estop. 475–480, 496–500, 515, 516, 554–560; 2 Whart Ev., §§ 1086, 1087, 1146– 1155.

The representations of respondent should have been admitted. They had a direct bearing on the contract referring to the resources of the Park Ditch Company, and bound and estopped the respondent. Kerr on Fraud, 69–78; *Stow* v. *Wyse*, 7 Conn. 214; *Bushnell* v. *Church*, 15 id. 406; *Continental Bank* v. *National Bank of Commonwealth*, 50 N. Y. 575.

E. W. Toole, J. H. Shober and M. Bullard, for respondent.

The recitals of the contract sued upon, and the agreement with Hale,. which is referred to and is in evidence, should be considered in construing the instrument sued on. *Rogers* v. *Smith*, 47 N. Y. 324; *Meriden B. Co.* v. *Zingsen*, 48 id. 247. They show the motives of appellants in paying the note to Hale.

Respondent could not pay over receipts from the sale of water of the Park Ditch Company without defrauding the creditors of the company, and there is no consideration to support such an undertaking. It would also be in conflict with the consideration set up in the instrument, the pledge of the Park Ditch Company. *Archibald* v. *Thomas*, 3 Cow. 284.

Instruments must be construed by their spirit, and an absurd or repugnant clause, even if it will admit of no legal construction, must be rejected as surplusage. Pars. on Cont., title "Construction of Contracts;" Harston's Pr., § 1859; Code Civ. Proc., § 598.

Appellants sought to prove a different inducement for borrowing the money of Hale than that set forth in the instrument sued on. The recitals are a substantial part of this instrument and cannot be varied by parol. *Renard* v. *Sampson*, 2 Kern. 561; *Schermerhorn* v. *Vanderheyden*, 1 Johns. 139; *Maigley* v. *Harrer*, 7 id. 341; *Halliday* v. *Hart*, 30 N. Y. 474.

Appellants claim that respondent pledged what was not in existence, the receipts of 1875. This is an enlargement of the instrument and in conflict with its terms. "Any other demands due it," could not include the receipts of 1875, which came into existence in the middle of the succeeding year. 2 Whart. Ev., §§ 921, 922; *Osborn* v. *Hendrickson*, 7 Cal. 282.

Appellants attempted to introduce parol evidence to enlarge,

vary, alter or contradict the instrument sued on, and thereby override a well-settled rule of evidence. *Taylor* v. *Holter*, 1 Mon. 688; 1 Greenl. Ev., §§ 275–282; 2 Pars. on Cont. 60, 61.

Appellants could not have any claim to the receipts of 1875, unless they were really pledged, and the misrepresentations of respondent gave them no right to water, which belonged to the Park Ditch Company, or its creditors. The instrument sued on shows what was pledged by the Park Ditch Company, and appellants cannot be allowed to aver that they were deceived by false representations of respondent. 2 Whart. Ev., § 932.

BLAKE, J. The rights of the parties to this action are determined by the construction and interpretation of the following contract, which was executed by Woolfolk, the respondent, and delivered to Ming and Kinna, the appellants:

"HELENA, *Sept.* 16, 1874.

Whereas, John Kinna and John H. Ming have this day joined with me in borrowing the sum of ($2,572.10) twenty-five hundred and seventy-two and ten one-hundredths dollars for the purpose of paying R. S. Hale the balance of eight thousand dollars due him under private agreement with said Ming, Kinna and Woolfolk in order for their release from certain notes executed by them to said Hale as security for the Park Ditch Company;

And whereas, the Park Ditch Company has pledged the note of William Chessman to it, and its claim against Felix Posnainsky and any other demands due it to the extent of repaying to the said Ming, Kinna and Woolfolk the sum of $2,572.10 this day borrowed;

Now, therefore, the said Woolfolk does hereby agree that if he shall collect any of the above-named amounts, or shall from any resources whatever of the Park Ditch Company, receive any other sums, after deducting all costs, charges and expenses, to apply the same in payment of said note, and also another note executed to R. S. Hale for taxes, amounting to between six and seven hundred dollars, until said notes shall be fully paid; said payments to be made by the said Woolfolk after his return from

the east next spring, and as soon thereafter as the amounts shall be received, but the said Woolfolk does not assume to pay said note only to the extent that he shall receive such amounts from the resources of the Park Ditch Company as aforesaid.

A. M. WOOLFOLK."

Said Ming and Kinna brought this action to recover from said Woolfolk the sums that are mentioned in the contract and were paid by them to said Hale. The complaint alleges that the appellants were induced solely by the statements of the respondent at and prior to the receipt of the contract, to borrow from said Hale the said sum of $2,572.10, and execute said note for the same ; that the respondent then stated that the Park Ditch Company had passed a resolution in conformity to the recitals of the contract, and pledged said Chessman note, said claim against Posnainsky and all its resources, including receipts from water sold and to be sold, to the repayment to the appellants and respondent of said sum of $2,572.10 ; that these statements were false, but that the respondent is estopped from denying and proving that the company had not passed this resolution ; that the appellants paid to said Hale two-thirds of said sum of $2,572.10, and two-thirds of said note for taxes ; and that the respondent received from the resources of the Park Ditch Company a sum sufficient to pay the appellants, but has refused to pay them any amount. The answer of the respondent denies that he made these statements, and avers that he did not collect any of the demands which are described in the contract.

At the trial, the court below refused to allow the appellants to offer testimony tending to prove that the respondent stated, at and before the execution of the contract, that the trustees of the Park Ditch Company had passed a resolution appropriating the receipts from the sale of water during the season of 1875 ; that the appellants would not have executed said note to said Hale and accepted said contract, if the respondent had not made these statements ; that the respondent received in 1875, $3,500 from the sale of water from the Park ditch and appropriated the same to his own use ; and that the respondent stated to the appellants,

before the contract was delivered, that the clause therein, " from any resources whatever," included the receipts from the sale of water for 1875, and that there would be two months of the best of the water season of 1875, before the time for redemption would expire, and that the Park Ditch Company would be entitled to the proceeds.

The court sustained the motion of the respondent for a nonsuit, and we must review the above ruling.

It will be observed that the respondent alone signed the contract and agreed to perform certain acts. " Where the language of an instrument has a settled legal meaning, its construction is not open to evidence." 2 Pars. on Cont. (5th ed.) 551. If there is any doubt as to the interpretation of this contract, that construction must be adopted which will be more to the advantage of the appellants, upon the general ground that " a party who takes an agreement prepared by another, and upon its faith incurs obligations or parts with his property, should have a construction given to the instrument favorable to him." *Noonan* v. *Bradley*, 9 Wall. 407 ; *Barney* v. *Newcomb*, 9 Cush. 46. In *Brawley* v. *United States*, 96 U. S. 173, Mr. Justice BRADLEY says : " Previous and contemporary transactions and facts may be very properly taken into consideration to ascertain the subject-matter of a contract, and the sense in which the parties may have used particular terms, but not to alter or modify the plain language which they have used."

Guided by these principles, let us confine our attention to one inquiry : Can the appellants compel the respondent to pay to them, on account of the indebtedness assumed by them under the contract, any part of the proceeds which he received from the sale of water from the Park ditch in 1875 ? The respondent contends that his liability is limited by the terms of the agreement to the payment, if collected by him, of the Chessman note, the Posnainsky claim, and any other demands which were due to the Park Ditch Company at the date of the execution of the contract, September 16, 1874, and that the future earnings of the corporation are not affected by the instrument. The contract consists of certain recitals that may be referred to for the pur-

pose of ascertaining the situation of the parties, but the legal obligation of the respondent is determined by the last paragraph. It appears that the appellants and respondent borrowed of R. S. Hale the sum of $2,572.10, and that the Park Ditch Company had pledged the Chessman note, the Posnainsky claim and the other demands due it, to repay said amount to the appellants and respondent. The respondent agrees to apply in payment of said sum of $2,572.10, and a note for taxes amounting to $600 or $700 executed to said Hale, any of the "above-named amounts," and "any other sums" which he may receive "from any resources whatever of the Park Ditch Company." The corporation did not secure the payment of the note for taxes by the pledge of its property. It appears that the demands due to the company were appropriated to the payment of some of its liabilities, and that these demands and its resources were to be used in discharging the same and other indebtedness by the respondent. The respondent further agreed to pay these sums after his return from the east, and as soon as he received the same. It is admitted in the pleadings that the respondent returned from the east about May 1, 1875.

We must, if possible, give effect to the whole instrument. No word is to be treated as a redundancy, if any meaning, that is reasonable and consistent with the other parts, can be given to it. The "demands due," which are mentioned in the contract, in the commercial and popular acceptation of the words, are debts presently payable. *Leggett* v. *Bank of Sing Sing*, 25 Barb. 326. If the position of the respondent is sound, the clauses of the agreement concerning the resources of the Park Ditch Company are meaningless. The instrument provides for the performance of acts by the respondent at times which were uncertain, because they were dependent on contingencies. What were the resources of the Park Ditch Company, exclusive of the "demands due it" September 16, 1874? There could not be any thing, except the property of the corporation, and it is not claimed that the respondent has received any sum from the sale of any part thereof. The testimony shows that Hale, in September, 1874, had a decree for the sale of this property, and that the company was insolvent,

and that its sole resources at that time were the right of redeeming this property from Hale, and the enjoyment of the income during the period allowed by law for its redemption.

When the situation of the parties is considered, we think that the language of the contract can be understood. The respondent agreed to apply on the indebtedness which has been described the amounts which he collected from the demands due to the Park Ditch Company, September 16, 1874, and "any other sums" which might become payable to it from any persons after September 16, 1874. The following definitions of the term "resources," are given by Webster : "Money or any property that can be converted into supplies ; means of raising money or supplies ; capabilities of producing wealth or to supply necessary wants ; available means or capability of any kind." The liability of the respondent is not measured by the meaning of this word alone, but we are of the opinion that this author sustains our construction of the contract to the extent of its effect upon it. We admit that some of the definitions of "resources" support the views of the respondent, but this concession makes applicable the following rules, which are fatal to his case. If the terms of the contract be vague and general, or have divers meanings, parol evidence is admissible of any extrinsic circumstances tending to show what things were intended by the respondent or to ascertain his meaning in other respects. 1 Greenl. Ev., § 288.

In *Gray* v. *Harper*, 1 Story, 574, where two booksellers contracted for the sale and purchase of a work at "cost," parol evidence of conversations between them, at the time of making the contract, was admitted to show what sense they attached to that term. 1 Greenl. Ev. (12th ed.), §§ 280 and 295 and notes ; *Sargent* v. *Adams*, 3 Gray, 72 ; *Brawley* v. *United States, supra.*

We think that the court below erred in excluding testimony tending to prove the sums which were received by the respondent in 1875 from the sale of water from the Park ditch, and the disposition thereof, and also the conversations between the appellants and respondent respecting the "resources" of the Park Ditch Company.

It is therefore ordered that the judgment of the court below be reversed, and that this case be remanded for a new trial.

*Judgment reversed.*

KNOWLES, J., concurred.

WADE, C. J., dissenting. I cannot agree to the construction put upon the contract by the majority of the court.